# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

SUNTRUST MORTGAGE, INC.,

                                                CASE NUMBER:

       Plaintiff,

v.

SONIA J. SANCHEZ; HECTOR L.
SANCHEZ; TERRACINA
HOMEOWNERS' ASSOCIATION, INC.;
BOARD OF COUNTY COMMISSIONERS
OF PALM BEACH COUNTY, FLORIDA;
AND UNKNOWN TENANT(S) ,

       Defendants.

_____/

## VERIFIED COMPLAINT FOR FORECLOSURE AND DAMAGES

       Plaintiff, SUNTRUST MORTGAGE, INC. ("SunTrust"), by and through its undersigned

counsel hereby files this Complaint for Foreclosure and Damages (the "Complaint") against

Defendants SONIA J. SANCHEZ, an individual citizen of the state of Florida ("S. Sanchez"),

HECTOR L. SANCHEZ, an individual citizen of the state of Florida ("H. Sanchez"),

TERRACINA HOMEOWNERS' ASSOCIATION, INC. a Florida corporation ("Terracina"),

BOARD OF COUNTY COMMISSIONERS OF PALM BEACH COUNTY, FLORIDA, a

Florida municipal entity ("Board of Commissioners"), and UNKOWN TENANT(S), an

individual citizen of the state of Florida ("Tenant"), and states as follows:

### RELIEF SOUGHT

       1.      SunTrust brings this action against Defendant S. Sanchez pursuant to her default

under a certain promissory note and mortgage (as further described and defined below),

evidencing a loan given by SunTrust Mortgage, Inc., and which is secured by a mortgage given

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

by S. Sanchez and H. Sanchez, encumbering real property owned by them and located in Palm Beach County, Florida, and against Tenant as a possible occupant of the subject real property.

2.      Specifically, SunTrust seeks (a) monetary damages that exceed $544,000.00 exclusive of interest, fees and costs under the subject promissory note; (b) foreclosure of the subject mortgage on S. Sanchez and H. Sanchez's real property (as defined below) used to secure S. Sanchez's obligations under the promissory note; (c) imposition of an equitable lien on S. Sanchez and H. Sanchez's real property (as defined below) used to secure S. Sanchez's obligations under the promissory note, and foreclosure of such equitable lien; (d) monetary damages that exceed $544,000.00 exclusive of interest, fees and costs, for unjust enrichment against S. Sanchez in connection with the loan at issue; and (e) monetary damages that exceed $544,000.00 exclusive of interest, fees and costs, for money lent against S. Sanchez in connection with the loan at issue.  SunTrust also seeks to recover all costs incurred, including reasonable attorneys' fees, in enforcing its rights pursuant to the loan documents.

## JURISDICTION, VENUE AND PARTIES

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between Plaintiff SunTrust and all Defendants, and the matters in controversy, exclusive of interest and costs, exceed the sum of SEVENTY-FIVE THOUSAND and 00/00 DOLLARS ($75,000.00).

4.      Venue is appropriate in this Court because (i) Defendants reside and/or conduct business in Palm Beach County, Florida; (ii) a substantial part of the events giving rise to the claims and causes of action occurred in Palm Beach County, Florida; (iii) the subject real property is located in Palm Beach County, Florida; and (iv) the loan documents that are the

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

subject of this action were entered into in Palm Beach County, Florida, which is within the jurisdiction of this District.

5.    Plaintiff, SunTrust is a Virginia corporation incorporated and existing under and by virtue of the laws of the Commonwealth of Virginia, and has its principal place of business in Richmond, Virginia.

6.    Defendant S. Sanchez, an individual citizen of the state of Florida, resides in Palm Beach County, Florida.  S. Sanchez is a signatory to the subject promissory note and mortgage at issue.  S. Sanchez has contractually submitted herself to the jurisdiction of this Court.  S. Sanchez may have an interest in the secured real property that is the subject of this action.  Such interests, however, are inferior to that of SunTrust.

7.    Defendant H. Sanchez, an individual citizen of the state of Florida, resides in Palm Beach County, Florida.  H. Sanchez is a signatory to the subject mortgage at issue.  H. Sanchez has contractually submitted himself to the jurisdiction of this Court.  H. Sanchez may have an interest in the secured real property that is the subject of this action.  Such interests, however, are inferior to that of SunTrust.

8.    Defendant Terracina is a Florida corporation incorporated and existing under and by virtue of the laws of the state of Florida.  Terracina may have an interest in the real property that is the subject of this action by virtue of a right to homeowners' association assessments on the real property.  Such interests, however, are inferior to that of SunTrust.

9.    Defendant Board of Commissioners is a municipal department of Palm Beach County, Florida, organized and existing under and by virtue of the laws of the state of Florida. Board of Commissioners may have an interest in the real property that is the subject of this

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

action by virtue of a Claim of Lien for Utility Service on the real property.  Such interests, however, are inferior to that of SunTrust.

10.     Defendant Tenant, an individual citizen of the state of Florida, resides in Palm Beach County, Florida.  Tenant is a resident and/or occupant of the subject real property and is subject to the jurisdiction of this Court.  Tenant may have interests in the secured real property that is the subject of this action.  Such interests, however, are inferior to that of SunTrust.

<u>GENERAL ALLEGATIONS</u>
*The Loan Documents*

11.     On or about June 23, 2006, S. Sanchez executed a promissory note in the principal amount of $544,000.00 (the "Note") in favor of SunTrust Mortgage, Inc. ("SunTrust"), evidencing a loan to S. Sanchez in like amount (the "Loan").  The original Note is attached hereto as **Exhibit "1."**

12.     The Note bears a blank indorsement from SunTrust on page 5 of the Note.  *See* Exhibit 1.

13.     The Note was secured by a Mortgage executed by S. Sanchez and H. Sanchez on or about June 23, 2006, in favor of Mortgage Electronic Registration Systems, Inc., acting solely as nominee for SunTrust (the "Mortgage").  By the Mortgage, S. Sanchez and H. Sanchez pledged to SunTrust a security interest in certain residential real property described therein, *to wit*: 464 Cresta Circle, West Palm Beach, FL 33413 (the "Property"), as collateral for the indebtedness evidenced by the Note.  The Mortgage was duly recorded on June 27, 2006, in Official Records Book 20530, Page 0432, of the Public Records of Palm Beach County, Florida.  A true and correct copy of the Mortgage is attached hereto as **Exhibit "2."**

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

14.     Collectively, the Note and Mortgage shall be referred to herein as the "Loan Documents."

### Default Under the Loan Documents

15.     S. Sanchez has defaulted under the Note by, without limitation, failing to make the monthly payment due on March 1, 2012, and all payments thereafter, and otherwise failing to comply with the terms and conditions of the pertinent Loan Documents.  This constitutes a material default under the Note and provides SunTrust with the right to file the instant action.

16.     As a direct result of the default, Defendant S. Sanchez owes SunTrust the principal amount of $544,000.00, plus interest and fees under the Note.

17.     S. Sanchez and H. Sanchez defaulted under the Mortgage by failing to pay all amounts due to SunTrust under the Note, and failing to cure such default upon demand, and otherwise failing to comply with the terms and conditions of the pertinent Loan Documents.

18.     Under the terms of the Loan Documents, S. Sanchez and H. Sanchez are liable for all reasonable attorneys' fees and costs incurred by SunTrust in connection with its collection of amounts due under the Loan Documents.

19.     SunTrust has made demand upon S. Sanchez for the sums owed under the Loan Documents by way of a demand letter dated March 18, 2016 sent to S. Sanchez, a true and correct copy of which is attached hereto as **Exhibit "3."**

20.     Notwithstanding, S. Sanchez has failed to pay and cure her default.

21.     All conditions precedent to bringing this action have occurred or have been performed.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

22.     Contemporaneously with the filing of this Complaint, SunTrust has filed a

Certification Pursuant to Fla. Stat. §702.015 of SunTrust's Possession of Original Promissory

Note as to the Note, attached hereto as **Exhibit "4."**   The original Note is also attached as

**Exhibit "1."**

23.     SunTrust has engaged the law firm of Liebler, Gonzalez, & Portuondo to

represent it in this action and is obligated to pay a reasonable fee for services rendered.

## COUNT I
## <u>BREACH OF THE NOTE</u>
### (S. SANCHEZ)

24.     SunTrust re-alleges and re-avers paragraphs 1 through 23 above, as though fully

set forth herein.

25.     On or about June 23, 2006, S. Sanchez executed and delivered to SunTrust the

Note.  The original Note is attached hereto as Exhibit "1."

26.     SunTrust indorsed the Note in blank.

27.     SunTrust currently owns and holds the Note.

28.     S. Sanchez has defaulted under the Note by, without limitation, failing to make

the monthly payment due on March 1, 2012, and all payments thereafter.

29.     SunTrust has made demand upon S. Sanchez for the sums owed under the Note

by way of a demand letter dated March 18, 2016 sent to S. Sanchez.  However, S. Sanchez has

failed to satisfy the outstanding debt under the Note, and has failed to cure his default.

30.     S. Sanchez now owes SunTrust the principal amount of $544,000.00, plus interest

and fees under the Note, in addition to the costs associated with this action.

31.     SunTrust is entitled to recover its attorneys' fees from S. Sanchez pursuant to the

terms of the Note.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

   **WHEREFORE**, Plaintiff SunTrust demands judgment for damages against Defendant S.

Sanchez, together with interest, court costs, and reasonable attorneys' fees.

**COUNT II**
**<u>FORECLOSURE OF MORTGAGE</u>**
**(ALL DEFENDANTS)**

   32.  SunTrust re-alleges and re-avers paragraphs 1 through 23 above, as though fully

set forth herein.

   33.  This is an action to foreclose the Mortgage for real property located in Palm

Beach County, Florida.

   34.  On or about June 23, 2006, S. Sanchez executed and delivered to SunTrust the

Note in the principal amount of $544,000.00.  The original Note is attached hereto as Exhibit

"1."

   35.  On or about June 23, 2006, S. Sanchez and H. Sanchez executed and delivered

the Mortgage, pledging a security interest in the Property as security for the Note.  A copy of the

Mortgage is attached hereto as Exhibit "2."

   36.  The Mortgage was duly recorded on June 27, 2006, in Official Records Book

20530, Page 0432, of the Public Records of Palm Beach County, Florida.

   37.  SunTrust currently owns and holds the Note and the Mortgage.

   38.  The Property is currently owned by S. Sanchez and H. Sanchez.

   39.  S. Sanchez has defaulted under the Note by, without limitation, failing to make

the monthly payment due on March 1, 2012, and all payments thereafter, and otherwise failing to

comply with the terms and conditions of the pertinent Loan Documents.

   40.  S. Sanchez and H. Sanchez are in default under the terms of the Mortgage by,

without limitation, defaulting under the Note and failing to make payment in full of all debts

7

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

owed to SunTrust under the Note upon demand, and otherwise failing to comply with the terms

and conditions of the pertinent Loan Documents.

41.     SunTrust has declared, and hereby declares the full amount payable under the

Note, and as secured by the Mortgage, to be due immediately.

42.     S. Sanchez now owes SunTrust the principal amount of $544,000.00, plus interest

and fees under the Mortgage, in addition to the costs associated with this action.

43.     Defendant H. Sanchez, may have an interest in the secured real property that is

the subject of this action by virtue of an ownership and/or possessory interest therein.  Such

interests, however, are inferior to that of SunTrust.

44.     Defendant Terracina may have an interest in the real property that is the subject of

this action by virtue of a right to homeowners' association assessments on the real property.

Such interests, however, are inferior to that of SunTrust.

45.     Defendant Board of Commissioners may have an interest in the real property that

is the subject of this action by virtue of a Claim of Lien for Utility Service on the real property.

Such interests, however, are inferior to that of SunTrust.

46.     Tenant may have an interest in the Real Property, by virtue of a possessory

interest therein. However, such interest is junior, subordinate and inferior to the lien of the

Mortgage held by SunTrust as first mortgagee.

**WHEREFORE**, SunTrust demands:

a.   Judgment of foreclosure in the amount due to SunTrust under the Note, including

principal, interest, late charges, costs, expenses and attorneys' fees, and if such sums are

not paid within the time period established by this Court, that the secured Property

described herein be sold to satisfy SunTrust's claim;

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

b.  That if the proceeds of the sale are insufficient to pay Plaintiff's claim, a deficiency judgment be awarded in favor of SunTrust;

c.  That the Court deem SunTrust's interest in the secured property described herein superior to the claims of S. Sanchez, H. Sanchez, Terracina, Board of Commissioners, and Tenant, and

d.  That S. Sanchez, H. Sanchez, Terracina, Board of Commissioners, and Tenant, and all persons claiming under, by, through or against these Defendants since the filing of the Complaint, be forever barred and foreclosed of all right, title and interest in and to the secured property, and such other relief as the Court deems appropriate.

### COUNT III
### EQUITABLE LIEN (PLED IN THE ALTERNATIVE
### (Against All Defendants)

47.     SunTrust re-alleges and re-avers the allegations contained in paragraphs 1 through 23 above, as though fully set forth herein.

48.     This is an action for equitable relief within the jurisdiction of this Court.

49.     On or about June 23, 2006, SunTrust loaned $544,000.00 (the "Loaned Funds") to S. Sanchez for the purchase of the Property.

50.     The Loaned Funds were used for the purchase of the Property.

51.     On or about June 23, 2006, S. Sanchez executed and delivered the Note in the original principal amount of $544,000.00"). The original Note is attached hereto as Exhibit "1."

52.     SunTrust indorsed the Note in blank.

53.     To secure payment of the Note and the Loaned Funds, on or about June 23, 2006, S. Sanchez and H. Sanchez executed the Mortgage.  A copy of the Mortgage is attached hereto as Exhibit "2."

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

54.     S. Sanchez and H. Sanchez are the record title holders of the Property.

55.     S. Sanchez has not satisfied the obligation currently owed under the Note and secured by the Mortgage.  The principal amount currently due is $544,000.00, plus interest and fees under the Mortgage, in addition to the costs associated with this action.

56.     A benefit was conferred upon S. Sanchez, in that the Loaned Funds were used for the purchase of the Property, which is owned by S. Sanchez and H. Sanchez.

57.     It would be inequitable for S. Sanchez to retain the financial benefit conferred without paying the value thereof to SunTrust or granting a priority security interest to SunTrust on the Property.

58.     SunTrust has no adequate remedy at law.

59.     SunTrust has thereby conferred a financial benefit upon S. Sanchez, who has knowledge thereof.

60.     Defendant H. Sanchez, may have an interest in the secured real property that is the subject of this action by virtue of an ownership and/or possessory interest therein.  Such interests, however, are inferior to that of SunTrust.

61.     Defendant Terracina may have an interest in the real property that is the subject of this action by virtue of a right to homeowners' association assessments on the real property. Such interests, however, are inferior to that of SunTrust.

62.     Defendant Board of Commissioners may have an interest in the real property that is the subject of this action by virtue of a Claim of Lien for Utility Service on the real property. Such interests, however, are inferior to that of SunTrust.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

63.     Tenant may have an interest in the Real Property, by virtue of a possessory interest therein. However, such interest is junior, subordinate and inferior to the lien of the Mortgage held by SunTrust as first mortgagee.

**WHEREFORE**, Plaintiff SunTrust demands:

(a)     That the Court impress on the above described Property, an equitable lien, in favor of the SunTrust against S. Sanchez and all other parties that may claim an interest in the property, in the current amount of unpaid Loaned Funds ($544,000.00) due on the Note, plus interest, costs and attorney's fees;

(b)     Allow SunTrust to foreclose on the lien unless all of the Loaned Funds are repaid to SunTrust;

(c)     That SunTrust 's interests be deemed superior to those of S. Sanchez, H. Sanchez, Terracina, Board of Commissioners, and Tenant, and all persons claiming by, through, or under them; and

(d)     The Court grant SunTrust any other relief as it deems equitable and just.

### COUNT IV
### <u>UNJUST ENRICHMENT (PLED IN THE ALERNATIVE)</u>
### (Against S. Sanchez)

64.     SunTrust re-alleges and re-avers the allegations contained in paragraphs 1 through 23 above, as if fully set forth herein.

65.     On or about June 23, 2006, SunTrust conferred a benefit upon S. Sanchez, in the form of the Loaned Funds, with S. Sanchez having knowledge of such Loaned Funds.

66.     S. Sanchez has voluntarily accepted and retained the benefits of the Loaned Funds.

67.     It would be inequitable for S. Sanchez to retain the benefit of the Loaned Funds

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

unless S. Sanchez pays SunTrust the value of the benefit conferred.

68.     There is now due and owing to SunTrust the principal sum of $544,000.00, plus

interest, additional costs and late fees under the loan.

**WHEREFORE**, SunTrust demands judgment for damages in the amount of

$544,000.00 against S. Sanchez, together with interest, court costs and reasonable attorney's

fees, and any other relief this Court deems just and proper.

### COUNT V
### MONEY LENT (PLED IN THE ALTERNATIVE)
### (Against S. Sanchez)

69.     SunTrust re-alleges and re-avers the allegations contained in paragraphs 1 through

23 above, as if fully set forth herein.

70.     On or about June 23, 2006, SunTrust loaned $544,000.00 to S. Sanchez.

71.     S. Sanchez owes SunTrust $544,000.00 (the remaining unpaid balance), plus

interest and costs for money lent.

**WHEREFORE**, SunTrust demands judgment for damages in the amount of $544,000.00

against S. Sanchez, together with interest, court costs and reasonable attorney's fees, and any

other relief this Court deems just and proper.

### VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged

therein are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: Tamore Brown

Title: Officer

Date: 5.6.16

SunTrust Mortgage, Inc.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*SunTrust Mortgage Inc. v. Sanchez*
CASE NUMBER:

Dated this 12th day of May, 2016.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
Attorneys for Plaintiff
Courthouse Tower- 25th Floor
44 West Flagler Street
Miami, FL  33130
Telephone:  (305) 379-0400
Service E-mail:  service@lgplaw.com

By:   /s/ Mark E. Steiner
      FRANK P. CUNEO
      Florida Bar No. 0123188
      JACOB E. MITRANI
      Florida Bar No. 0715581
      MARK E. STEINER
      Florida Bar No. 28513