UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
*WEST PALM BEACH DIVISION*

SUNTRUST MORTGAGE, INC.,          CASE NO: 9:16-cv-80753-KAM

      Plaintiff,

v.

SONIA J. SANCHEZ; HECTOR L.
SANCHEZ; TERRACINA HOMEOWNERS'
ASSOCIATION, INC.; BOARD OF
COUNTY COMMISSIONERS OF PALM
BEACH COUNTY, FLORIDA; AND
UNKNOWN TENANT(S),

      Defendants.
_____/

## CONSENT FINAL JUDGMENT OF FORECLOSURE

THIS CAUSE is before the Court upon Plaintiff SunTrust Mortgage, Inc.'s ("SunTrust" or "Plaintiff") and Defendants Sonia J. Sanchez and Hector L. Sanchez's (collectively "Sanchez"), Mediation Report [ECF 39] and Notice of Pending Settlement [ECF 40]. On the evidence presented, and the Court, having reviewed the Mediation Report, Notice of Pending Settlement, the Verified Complaint for Foreclosure and Damages [D.E. 1] ("Complaint"), the Promissory Note dated June 23, 2006, in the original principal amount of $544,000.00 (the "Note"), the Mortgage dated June 23, 2006, blank indorsement to the above Note, and the Court file, having been advised that counsel of record for the Plaintiff and Defendants have agreed to entry of this Foreclosure Judgment, and being otherwise advised in the premises, it is hereby, ORDERED and ADJUDGED that:

    1.    Service of process has been duly and regularly obtained over each of the Defendants.

2. As to the Note and the Mortgage annexed to the Complaint, there is due and owing to the Plaintiff from Defendants Sonia J. Sanchez and Hector L. Sanchez, the following amounts on the loan owned by Plaintiff:

| | | |
|---|---|---|
| Principal Balance: | $ | 544,000.00 |
| Interest from 01/01/09 thru and including 06/30/16 (note rate): | $ | 200,599.95 |
| Interest from 07/01/16 thru and including 11/04/16 (with per diem of $52.16 from 11/04/16 thru entry of judgment) | $ | 6,624.32 |
| Escrow Advances | $ | 20,945.42 |
| Property Inspection Fees | $ | 422.00 |
| NSF Charges | $ | 90.00 |
| Property Preservation Fees | $ | 861.81 |
| Attorneys' Fees (from April 2016 thru 11/1/16)<br>　　Finding as to Reasonableness of Hours: 74.20<br>　　Finding as to Reasonable average Hourly Rate: $ 235.00 | $ | 17,263.50 |
| Court costs, now taxed<br>　　Title Reports　　　　　　　　　　　　　　$   375.00<br>　　Recording Fee for Notice of Lis Pendens　$    29.10<br>　　Filing Fee　　　　　　　　　　　　　　$   400.00<br>　　Certified Copies　　　　　　　　　　　　$    11.50<br>　　Service of Process　　　　　　　　　　　$   315.00<br>　　Mediation Fees　　　　　　　　　　　　$   375.00<br>　　Deposition Costs　　　　　　　　　　　$1,140.35 | $ | 2,645.95 |
| **TOTAL SUM** | $ | **793,452.95** |

Interest shall accrue on the TOTAL SUM at the prevailing Florida state legal rate of interest (currently 4.91% per annum based on state statutory rate).

3. Plaintiff, SunTrust, whose address is c/o Liebler, Gonzalez & Portuondo, Courthouse Tower – 25th Floor, 44 W. Flagler Street, Miami, FL 33130, holds the first mortgage lien and security interest (as to the Note and the related Mortgage) for the **TOTAL SUM of $793,452.95 plus statutory interest**. The lien of the Plaintiff are superior in dignity to any right,

title, interest or claim of the Defendants, Sonia J. Sanchez and Hector L. Sanchez, as well as TERRACINA HOMEOWNERS' ASSOCIATION, INC. (which was defaulted by the Clerk of the Court at D.E. 18), and all persons, corporations, or other entities claiming by, through, or under these Defendants, or any of them, and the property will be sold free and clear of all claims of the Defendants, with the exception of any assessments that are superior pursuant to Florida Statute, Section 718.116.

4.      The Plaintiff's mortgage lien and security interest encumbers the subject property located in Palm Beach County, Florida and described as:

> Lot 13, of TERRACINA, JOHNSON PROPERTY, P.U.D., according to the Plat thereof, filed in Plat Book 101, at Pages 91 through 105, inclusive, of the Public Records of Palm Beach County, Florida.
>
> Property Address: 464 Cresta Circle, West Palm Beach, FL 33413.

5.      The Palm Beach County Circuit Court shall serve as special master to this Court for the sole purpose of publishing Notice of Sale and overseeing an online foreclosure sale (via https://mypalmbeachclerk.clerkauction.com) through issuance of the Certificate of Title in accordance with Section 45.031, Florida Statutes, and the Palm Beach County Clerk of the Court ("Clerk") shall assign a case number to this matter for administrative tracking purposes only.

6.      If the TOTAL SUM with interest at the rate described in ¶ 2 and all costs accruing subsequent to this judgment are not paid, the Clerk of the Palm Beach Circuit Court shall sell the subject property at public sale on a date to be determined by the Clerk, after having first given notice as required by Section 45.031, Florida Statutes, to the highest bidder for cash at: https://mypalmbeachclerk.clerkauction.com **(Clerk's website for on-line auctions).**

7.      Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale.  If Plaintiff is the

purchaser, the Clerk shall credit Plaintiff's bid with the TOTAL SUM referenced at ¶ 2, together with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

8. On filing of the Certificate of Sale, Defendants Sonia J. Sanchez and Hector L. Sanchez's, right of redemption as prescribed by Florida Statutes, Section 45.0315 shall be terminated.

9. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the TOTAL SUM due to the Plaintiff, less the items paid, plus interest at the rate prescribed in ¶ 2 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the Certificate of Disbursements, the Clerk shall hold the surplus pending further Order of this Court.

10. Upon filing of the Certificate of Title, Defendants, SONIA J. SANCHEZ, HECTOR L. SANCHEZ, AND TERRACINA HOMEOWNERS' ASSOCIATION, INC., and all persons claiming under or against these Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property.

11. There shall be no deficiency judgment in this case.

<u>NOTICE PURSUANT TO AMENDMENT TO SECTION, 45.031, FLA. ST.</u>

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 205 N. DIXIE HWY., 3RD FLOOR, ROOM 3.23, WEST PALM BEACH, FL 33401 (TELEPHONE: (561) 355-2986), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

11. The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession, and orders taxing attorneys' fees and costs in the Plaintiff's favor.

12. This Court also reserves jurisdiction to enter additional Orders and Judgments including but not limited to, orders permitting the joinder of additional party defendants, permitting the filing of supplemental and/or amended pleadings as to additional defendants

and/or claims (including the joinder of additional parties), and orders permitting foreclosure as against any and all junior lienors, parties in possession, or other claimants (or potential claimants) and claims.

13.     Plaintiff may assign its bidding rights at the foreclosure sale pursuant to this Judgment and any additional Orders awarding further bidding credit (or otherwise affecting bidding credit hereunder) without further order of the Court, upon filing an Assignment of bidding credit herein, and the Clerk of the Court shall issue the certificate of title in favor of the bidding credit assignee if it is the prevailing bidder at the foreclosure sale.

14.     Count I (Breach of Note), Count III (Equitable Lien), Count IV (Unjust Enrichment), and Count V (Money Lent) of the Complaint are hereby dismissed.

15.     This case is hereby removed from the Court's August 7, 2017 two (2) week Trial calendar pursuant to this Court's Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery Motions to United States Magistrate Judge (ECF 26).

16.     This case is administratively **CLOSED**.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, on this 29th day of November, 2016.

Kenneth A. Marra
UNITED STATES DISTRICT JUDGE